```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
NICHOLAS PIMENTEL,

                    Plaintiff,

       - against -

DELTA AIRLINES, INC., TANYA MORGAN,
and SERGEY YEREMEYEV,

                    Defendants.
------------------------------------------------------------ X
```

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ NOV 0 7 2018 ★
BROOKLYN OFFICE

**MEMORANDUM
DECISION AND ORDER**

17-CV-5317 (AMD) (JO)

ANN M. DONNELLY, United States District Judge:

The *pro se* plaintiff, Nicholas Pimentel, also known as Aasir Azzarmi, moves for reconsideration of Magistrate Judge James Orenstein's October 16, 2018 order granting Pimentel's former counsel's motion to withdraw as attorney. (ECF No. 49.) For the reasons discussed below, the plaintiff's motion is denied.

## BACKGROUND

On September 11, 2017, the plaintiff, represented by Thomas Ricotta, brought this action against defendants Delta Airlines, Inc., Tanya Morgan, and Sergey Yeremeyev, alleging gender discrimination under Title VII of the Civil Rights Act or 1964, and under state and city law. (ECF No. 1.) On April 18, 2018, Mr. Ricotta moved to withdraw as counsel because the plaintiff "ha[d] terminated . . . representation," and because of "an irreconcilable breakdown that would render . . . continued representation impossible and inappropriate." (ECF No. 17.) On April 26, 2018, after a status conference with the plaintiff at which the motion was discussed, Judge Orenstein granted the motion and stayed discovery for sixty days while the plaintiff sought new counsel. (ECF No. 19.)

1

On May 21, 2018, John C. Luke, Jr. appeared as the plaintiff's new counsel. (ECF No. 21.) After filing a second amended complaint (ECF No. 31), Mr. Luke filed his first motion to withdraw as attorney, stating that the plaintiff had "requested that current counsel be removed," and that the attorney–client relationship "ha[d] taken a sour turn" (ECF No. 37). Judge Orenstein denied the motion without prejudice, because "the vague representation that counsel's relationship with the plaintiff ha[d] 'soured' [was] not a sufficient reason to allow counsel to withdraw and leave the plaintiff unrepresented." Aug. 27, 2018 Order.

Mr. Luke filed a second motion to withdraw, alleging that the plaintiff had communicated directly with defense counsel, had "stated that he had new lawyers," and had "sent objectively abusive language" to Mr. Luke. (ECF No. 38.) Judge Orenstein scheduled a status conference to discuss the motion and ordered Mr. Luke to submit the plaintiff's emails. Aug. 27, 2018 Scheduling Order. Mr. Luke filed the emails under seal on September 18, 2018. (ECF No. 41.) On September 20, 2018, the plaintiff opposed Mr. Luke's motion to withdraw, claiming that Mr. Luke did not have "good cause" to withdraw, and that he would be prejudiced because he could not find another lawyer. (ECF No. 42.) At a status conference on the same day, the plaintiff "committed to being more courteous to counsel." Sept. 20, 2018 Minute Entry. Judge Orenstein denied the motion without prejudice to renew if the plaintiff "act[s] in a manner that compromises counsel's ability to provide effective representation." (*Id.*)

Eight days later, Mr. Luke filed a third motion to withdraw because the plaintiff had again terminated him, and because the attorney-client relationship was "irrevocably broken" and "compromised counsel's ability to provide effective representation." (ECF No. 44.) Judge Orenstein held another conference on October 16, 2018; he granted Mr. Luke's motion and stayed discovery for thirty days so that the plaintiff could find a new lawyer. Oct. 16, 2018

Minute Entry. The plaintiff moves for "reconsideration" of Judge Orenstein's order; he claims that Judge Orenstein's decision was not "based on good cause" and has "prejudiced" him, and that he did not consent to magistrate judge jurisdiction. (ECF No. 49.)

## DISCUSSION

Pursuant to 28 U.S.C. § 636(b), "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court" with or without the consent of the parties. *See Gonzalez v. Rakkas*, 846 F. Supp. 229, 231 (E.D.N.Y. 1994) (citing *Brown v. University Heights Management Co.*, No. 93–CV–4588, 1993 WL 385733, at *2 (S.D.N.Y. Sept. 28, 1993) (consent of parties not required for reference under 28 U.S.C. § 636(b))). Judge Orenstein, an experienced and able jurist, has been designated to oversee the pretrial matter in this case. This designation does not require the plaintiff's consent. Moreover, Judge Orenstein's decision to permit counsel to withdraw was reasonable, especially under these circumstances.

A district judge must "modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or is contrary to law." Fed. R. Civ. Prod. 72(a); *see* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). An order is "clearly erroneous if, based on all the evidence, a reviewing court 'is left with the definite and firm conviction that a mistake has been committed,'" *Storms v. United States*, No. 13–CV–0811, 2014 WL 3547016, at *4 (E.D.N.Y. July 16, 2014) (quoting *United States v. Murphy*, 703 F.3d 182, 188 (2d Cir. 2012)), and "is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law, or rules of procedure," *Weiner v. McKeefery*, No. 11–CV–2254, 2014 WL 2048381, at *3 (E.D.N.Y. May 19, 2014) (citation omitted). Rule 72(a) provides "a highly deferential standard of review" and "imposes a heavy burden on the objecting party." *Regan v.*

*Daimler Chrysler Corp.*, No. 07–CV–1112, 2008 WL 2795470, at *1 (E.D.N.Y. July 18, 2008) (citation omitted).

The plaintiff is representing himself, so I construe his motion liberally and interpret it to raise the strongest arguments it suggests. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008). Even under this standard, Judge Orenstein's order is neither clearly erroneous nor contrary to law. "'[I]t is clear that the existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client.'" *Griffin v. Norwegian Cruise Line, Ltd.*, No. 01–CV–9755, 2002 WL 500375, at *1 (S.D.N.Y. Apr. 3, 2002) (quoting *Cosgrove v. Federal Home Loan Bank of New York*, No. 90–CV–6455, 1995 WL 600565, at *2 (S.D.N.Y. Oct. 12, 1995)). Judge Orenstein gave the plaintiff every consideration despite the plaintiff's insulting and combative communications with his lawyer.[1] He denied counsel's first two motions to withdraw, and directed the plaintiff to cooperate with his counsel. Nevertheless, the plaintiff continued to be disrespectful and abusive, causing the attorney–client relationship to deteriorate and "compromis[ing] counsel's ability to provide effective representation." (ECF No. 44.) Judge Orenstein, who has experience and expertise in managing pretrial litigation, made a sensible decision that was well within his discretion. The plaintiff's motion is denied.[2]

## CONCLUSION

The plaintiff's motion for reconsideration of Judge Orenstein's October 16, 2018 order granting the motion to withdraw is denied.

---

[1] The plaintiff's emails to Mr. Luke include the following: "You are spiteful, incompetent and lazy." "You disgust me." " You are abusive, a horrible lawyer, and I abhor you." (ECF No. 41.)

[2] Counsel's withdrawal will not disrupt the progress of the litigation, which is still in the discovery phase. *See Brown v. National Survival Games, Inc.*, No. 91–CV–221, 1994 WL 660533, at *3 (N.D.N.Y. Nov.18, 1994) (finding that because "[discovery] is not complete and the case is not presently scheduled for trial . . . . granting the instant motion [to withdraw] will not likely cause undue delay")).

**SO ORDERED.**

                                                                                s/Ann M. Donnelly
                                                       _____
                                                       Ann M. Donnelly
                                                       United States District Judge

Dated: Brooklyn, New York
        November 7, 2018