**ORIGINAL**



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
ATTN: HONORABLE CHIEF JUDGE IRIZARRY
CASE: x17-CV-5317
PIMENTEL, Plaintiff
V.
**DELTA AIR LINES,INC, Defendant**

## MOTION FOR DISQUALIFICATION

Please Transfer this Motion to Chief Judge Irizarry for her review and decision only. Plaintiff already forwarded her a Courtesy Copy. Plaintiff will proceed to pursue another Writ of Mandamus to get JUDGE DONNELLY REMOVED and DISQUALIFIED for HER MANUEVERING and JUDICIAL BIAS on Plaintiff's case This is Notice of . **Interlocutory Appeal/Writ of Mandamus** to have Judge Donnelly disqualified and removed from Plaintiff's case. This Motion MUST BE TIMELY! Plaintiff filing Complaint of Judicial Misconduct/Abuse !

**The goal of section 455(a) is to avoid not only partiality but also the appearance of partiality. The section does so by establishing an "objective standard 'designed to promote public confidence in the impartiality of the judicial process."** See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 860 (1988);SEC v. Drexel Burnham Lambert Inc. (In re Drexel Burnham Lambert Inc.), 861 F.2d 1307, 1313 (2d Cir. 1988).There exists "unusual circumstances where both for the judge's sake and the appearance of justice, an assignment to a different judge is salutary and in the public interest, especially as it minimizes even a suspicion of partiality." United States v. Robin, 553 F.2d 8, 9-10 (2d Cir. 1977). Tumey v. State of Ohio, 273 U.S. 510, 532, 47. S.Ct, 437 444
This statute embodies the principle that to perform its high function in Murchison, 349 U.S. 133, 136 (1955) (internal quotation marks omitted). The best way justice must satisfy the appearance of justice." Offutt v. US, 348 U.S. 11, 14, 75 S.Ct, 11,13. Judge Donnelly "DEPRIVES... DUE PROCESS" when she HAS "a DIRECT, PERSONAL, SUBSTANTIAL, PECUNIARY INTEREST IN REACHING A CONCLUSION AGAINST HIM IN HIS CASE."
Judge Donnelly's judicial bias is quite disturbing. Now Besides the fact that she is judicially lazy, she has often invented her own "extra judicial" facts and Applied them to this case, which is outrageous judicial conduct. . Judge Donnelly ,in Plaintiff's case at least , never relies on any facts or merits for her decisions and perhaps it's because she doesn't know what merits are because , well, how did she get her job ? And now who is the corrupt man who put her in her position? Just A family friend ? Hmmm.., One can only imagine how deep and intimate that relationship is that they have and what pillow talk is exchanged on a nightly basis. CRONYISM
FAMILY FRIEND" as Schumer calls her is a "CONFLICT OF INTEREST."
1. Judge Donnelly did some maneuvering to get on Plaintiff's cases. She was not the original see judge assigned and she admitted that there was maneuvering on his Class Action lawsuit. (1:18-cv-02999)
133123; 13 3088 In re Reassignment of Cases: Ligon; Floyd et al. v. City of New (1:17-cv-05317)

York, Judge Scheindlin in SDNY was removed from this case, for the same type of maneuvering. *There, Judge Donnelly MUST BE DISQUALIFIED!* *too*

$ $ $ $ $ $ $ $

2. Senator Chuck Schumer admits that Judge Donnelly is a "family friend." *Sen. Schumer is FINANCED by Defendant DELTA AIR LINES, INC.* $ $ $ $ $

3. Between 2013-2018, Judge Donnelly's "family friend" has received political campaign donations from Defendant Delta Air Lines, Inc. Delta Air Lines was a top political donor during these years. During these years, Judge Donnelly was PUT IN HER POSITION by her "FAMILY FRIEND." How much judge experience did she have before that? She is "corporate lapdog" or political lapdog so to say. Her father also was a CEO of some company. *"Personal experiences AFFECT the FACTS JUDGES CHOOSE to SEE." -JUSTICE SONIA SOTOMAYOR*

Now it is an undisputed fact that the politician with the most campaign money will usually win their election. One could argue, had Senator Schumer not received Defendant Delta's large amount of political contributions, that he would not have won his election and therefore, America would not have been stuck with Judge Donnelly and her appointment would not have happened. Judge Donnelly was dependent on Senator Schumer for her job and Senator Schumer was/is dependent on cash from Defendant Delta for his elections.

3. Judge Donnelly was NOT the original judge on Plaintiff's case and there appears to have been some maneuvering for Judge Donnelly to be on this case and then she blatantly admitted to doing more maneuvering by appropriating another case of Plaintiff's against Defendant Delta, which Plaintiff adamantly opposed. *This proves her OVERZEALOUS NATURE to prevent justice on the merits. She stated she "cares" and has an "interest." She benefits for Plaintiff to lose.*

4. Judge Donnelly admitted that she has some "interest" or is "interested" in this case and refuses to disqualify herself and told Plaintiff "you aren't getting rid of me." Plaintiff was never trying to get rid of her UNTIL RECENTLY because of how corrupt she is. She refused to evaluate the merits and allow Plaintiff to do a CHANGE OF VENUE to his home district. Plaintiff couldn't get a meritorious change of venue because judge Donnelly said that Plaintiff isn't getting rid of her. She refused to evaluate the merits. *Her "family friend" is financial supported by Defendant. see alpa.org.*

*"Delta Pilots Metz, Kovner, Falzarano, etc met with Kelsey LaFreniere, Sen. Schumer's legislative aide"*

5. Her family friend, who receives money from Defendant Delta, could be telling her what to do with this case, what rulings to make, etc. As he probably told her what to do in 2017 when Schumer, Trump, Donnelly and Delta Airlines were involved in an executive order/PUBLIC DEBATE. Judge Donnelly is very political, as she is a political nominee, who is PERSONALLY CLOSE FRIENDS WITH THIS CORRUPT Senator Schumer.

6. Even when Defendant Delta admitted /testified to denying Plaintiff a Reasaonble Accommodation. **Judge Donnelly told Plaintiff he wasn't able to do /file a motion for Partial Summary Judgment** on 1 Claim. THIS IS UNCONSTITUTIONAL! Telling someone they can't file a Motion is unconstitutional, even the Honorable Judge Denny Chin wrote about this, as did the Supreme Court. (Freedom of speech denied too). *Even when Plaintiff has won on the merits, based on Defendant Delta's admission via testimony. Judge Donnelly refuses to allow justice based on the merits.*

*Plaintiff believes it is 100% unacceptable to call someone a "BITCH"*

7. Senator Schumer, who made her the Dishonorable Judge she is, and thinks it's okay to use this word "BITCH" on constituent, flight attendant who was doing her job, because he thinks he is above everyone and above the law, apparently this is normal speech. If that flight attendant is a bitch for following FAA rules then Judge Donnelly is more than a "bitch" bc she doesn't follow FRCP, Supreme Court or Second Circuit as she took an oath and swore to. *(Conflict of Interest)* "Tell me who your friends are and I'll tell you who you are." Judge Donnelly's "family friend" has such great manners that he publicly called a female flight attendant (a similarly situated colleague of Plaintiff's) a "BITCH." And This is Judge Donnelly's friend?!?!!! Says a lot about her. Judge Donnelly makes horrible character assessments, most lawyers and citizens would also never refer to Judge Orenstein as a "good judge." Now that's a giggle. Another bad character assessment. President Donald Trump reportedly called Senate Minority Leader Chuck Schumer a "nasty son of a bitch." *The FACT that Judge Donnelly sees NOTHING WRONG with her friend's verbal abuse is a disturbing CONFLICT OF INTEREST. She is an unethical judge who MANUEVERED herself on these cases to help Schumer & Delta, this benefited and Judge Donnelly approves of "disrespectful and VERBALLY ABUSIVE" conduct by Chuck Schumer. (Donnelly's words)*

8. Senator Schumer has private meetings with Delta's CEO's. This is *undisputed fact, in public records & newspapers. In 2014 Senator Schumer to Delta "FLY to Israel!"*

9. Delta pilots meet with his aide, Kelsey LaFreniere. *Pilots ① Kovner ③ Falzarano ② Metz SUPPORTS*

10. Chuck Schumer "cheers for Delta." NY TIMES *July 11* 2000 *& Delta has "Congressional call desk" for Senators & Staff to fly. (rollcall.com)*

11. Chuck Shumer encouraged Delta to waive change fees and to fly to an Upstate NY airport and Delta did it, *since 2000, (Elmira - Corning) 2012*

12. *"Bitch" is a gender comment. (See Dortz v. City of NY, SDNY) Plaintiff is in this Court for Gender discrimination bc he was also called a "BITCH" by Defendant Sergey on a plane. For Judge Donnelly to condemn Delta Airlines is also for her to condemn her puppetmaster, Senator Schumer who degraded a woman in public, because of her sex.*

## LEGAL STANDARD

In United States v. Grinnell Corp., 384 U.S. 56, 582 n.13 (1966), the Supreme Court mentioned without adverse comment that the disqualification motion below was referred to a different judge. Several lower courts have used the procedure. See, e.g., Rademacher v. City of Phoenix, 442 F. Supp. 27 (D. Ariz. 1977); Bradley v. Milliken, 426 F. Supp. 929 (E.D. Mich. 1977); United States v. Zagari, 419 F. Supp. 494, 497 (N.D. Cal. 1976); Tenants & Owners in Opposition to Redevelopment v. Department of HUD, 338 F. Supp. 29, 31 (N.D. Cal. 1972). The District of Columbia Circuit has discouraged the practice of transfer, calling it "at most permissive." United States v. Haldeman, 559 F.2d 31, 131 (D.C. Cir. 1976) (en banc) (per curiam), cert. denied, 431 U.S. 933 (1977). Where a judge is regarded as obliged to rule on the motion for his disqualification, creative courts have circumvented the rule. An exception has been suggested for situations in which the judge "feels that by [transferring the motion] he might better assist in the promotion of public confidence in the impartiality of the judicial process." Hawaii-Pacific Venture Capital Corp. v. Rothbard, 437 F. Supp. 230, 236 (D. Hawaii 1977) (following **Berger v. United States, 255 U.S. 22, 36 (1921)**). Another court chose to pass on the motion, but immediately submitted it to another judge for reconsideration. United States v. Zagari, 419 F. Supp. 494, 499 (N.D. Cal. 1976). Congress obviously intended such prejudgment to be

13. *Judge Donnelly holds Pro Se Plaintiff to higher standards than Defendant Delta by lying, reprimanding, falsely accusing Plaintiff of not complying with a Court Order (which he complied with) and then this biased, corrupt Judge Donnelly refused to reprimand or sanction Defendant Delta who intentionally violated 02/25/2019 ORDER, she did NOTHING. This proves her "DEEP SEATED ANTAGONISM" she has against Plaintiff. See Liteky - Supreme Court Case.*

disqualifying. "[W]here the judge [has] expressed an opinion about the merit or lack of merit of a specific case before such matter came before him . . . the judge [should] be disqualified." HOUSE REPORT, supra note 23, at 2, reprinted in [1974] U.S. CODE CONG. & AD. NEws at 6351. Moreover, Judge Sirica's earlier comments about the extent of criminal liability in the Watergate cover-up, coupled with his presence at the later trial, violated the maxim <u>that "[n]o man may accuse and also sit in judgment."</u> Mitchell v. Sirica, 502 F.2d 375, 385 (D.C. Cir.)

Judge Donnelly seems to have a problem (either judicial laziness, lack of time or her pure evil biased agenda) to invent her own facts which DO NOT EXIST OUTSIDE HER OWN HEAD and then use them in this case to falsely accuse Plaintiff and portray him in a negative light and to use her manufactured facts as some sort of valid legal justification to dismiss this case or whatever psychological sociopathic lawyering tactics she is using. (with no evidence to substantiate her self-invented facts) Plaintiff can prove her lies. A judge can not falsely accuse a litigant of something that never happened and make up "extra judicial" facts that do not exist outside of the record or a court proceeding, attribute it to Plaintiff. incident, but a pattern of his Judge Donnelly has issued biased adverse rulings, which are never based on merits, as she never uses merits to decide motions. See, e.g., Wolfson v. Palmieri, 396 F.2d 121, 124 (2d Cir. 1968) (per curiam) ("To be sufficient, an affidavit [for disqualification of a judge] must show the objectionable inclination or disposition or impede impartiality of judgment."). See also Pfizer, Inc. v. Lord, 456 F.2d 532, 537 (8th Cir.), cert. denied, 406 U.S. 976 (1972); Section 455 would require him to stand down.. Most courts have acknowledged that the "duty to sit" has been abolished. See, e.g., United States v. Wolfson, 558 F.2d 59, 63 (2d Cir. 1977); Bell v. Chandler, 569 F.2d 556, 559 (10th Cir. 1978); United States v. Daley, 564 F.2d 645, 651 (2d Cir. 1977), cert. denied, 435 U.S. 933 (1978); United States v. Haldeman, 559 F.2d 31, 130 (D.C. Cir. 1976) (en banc) (per curiam), cert. denied, 431 U.S. 933 (1977); Peacock Records, Inc. v. Checker Records, Inc., 430 F.2d 85 (7th Cir. 1970), cert. denied, 401 U.S. 975 (1971); *Where events in the courtroom so incite him to personal hostility as to render him incapable of fair judgment on remaining issues, however, it is appropriate that he step down* .<u>Wolfson v. Palmieri, 396 F.2d 121, 121 (2d Cir. 1968) (dictum). Judge Donnelly needs to be disqualified from Plaintiff's case.</u>

Fourth Circuit decision, Rice v. McKenzie," has outlined an approach to the extrajudicial bias limitation that is more faithful to the spirit of section 455(a),it held that disqualification was required since "a reasonable person would have a reasonable basis for questioning [the judge's] . . . impartiality."" The respondent in Rice contended that regardless of the appearance of partiality, disqualification could result only if the apparent bias "arose out of an 'extra-judicial' source."" The Fourth Circuit rejected the respondent's contentions. Since the extrajudicial bias limitation was "grounded on the 'personal bias or prejudice' language of other predecessor statutes," its applicability to section 455(a) was questionable.' Even though the conduct that resulted in the appearance of bias in the case "was entirely judicial and not personal," it nevertheless supported disqualification under the broad section 455(a) requirement that a judge step down in the face of "a reasonable basis for questioning his impartiality."' The Fourth Circuit's reasoning is persuasive. Section 455(a) is not limited in scope to extrajudicial partiality but is designed to ensure that <u>any appearance of partiality is avoided</u>. 28 U.S. Code § 455 - Disqualification of justice, judge, or magistrate judge **(a)**Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality **might**

reasonably be questioned. 28 U.S.C. § 144 (1970) provides: Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. If the judge failed to recuse himself, the party could seek interlocutory review of this decision, as he could under section 144. The Supreme Court noted in Berger that appeal from final decision is an inadequate remedy. "It comes after the trial and, if prejudice exists, it has worked its evil and a judgment of it in a reviewing tribunal is precarious. It goes there fortified by presumptions, and nothing can be more elusive of estimate or decision than a disposition of a mind in which there is a personal ingredient." *See Berger v. United States, 255 U.S. 22, 36 (1921).* **CONCLUSION: JUDGE ORENSTEIN MUST BE DISQUALIFIED.**

Respectfully submitted,

By: Pro Se Plaintiff, Aasir Azzarmi    Date: 03/26/2019

Cc: Ira Rosenstein, OC    ( This is Pro Se Plaintiffs Affidavit of Good Faith )

"[C]alling her a cockroach obviously cannot be interpreted as a statement of actual fact." *Krinsky v. Doe 6*, 159 Cal. App. 4th 1154, 1176 (2008).

**LEGAL STANDARD**

## 28 U.S. Code § 455 - Disqualification of justice, judge, or magistrate judge

**(a)**
Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

## 28 U.S.C. § 144 (1970) provides:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

TURN OVER

If the judge failed to recuse himself, the party could seek interlocutory review of this decision, as he could under section 144. The Supreme Court noted in Berger that appeal from final decision is an inadequate remedy. "It comes after the trial and, if prejudice exists, it has worked its evil and a judgment of it in a reviewing tribunal is precarious. It goes there fortified by presumptions, and nothing can be more elusive of estimate or decision than a disposition of a mind in which there is a personal ingredient." *See Berger v. United States, 255 U.S. 22, 36 (1921).*

Judge Donnelly (as well as Judge Orenstein) harbors, as Liteky proscribes, a "deep seated antagonism" when she called Plaintiff "disrespectful" & "verbally abusive" when Plaintiff's first lawyer, Riotta, committed Grand Larceny by not putting Plaintiff's retainer in an escrow account, spending Plaintiff's money on his own personal desires & wants, and which Plaintiff opposed. Judge Donnelly, based on extra-judicial sources, somehow labelled Plaintiff "disrespectful" & "verbally abusive" for opposing a lawyer robbing Plaintiff, to which Plaintiff filed a Police Report. This is 100% extra-judicial. Plaintiff never had any interaction with Judge Donnelly before she made those credibility determinations about Plaintiff's character. Her impartiality or enmity is "so extreme as to display this Court's clear inability to render fair judgment." Liteky, 510 U.S. at 555. See Judge Donnelly's November 2018 response to Plaintiff's "Motion for Reconsideration."

"The neutrality requirement helps to guarantee that life, liberty or property will not be taken on the basis of an erroneous or distorted conception of the facts or the law." Marshall v. Jericho Inc., 446 US 238, 242, 100 S. Ct. 1610, 64 L. Ed. 2d 182 (1980). This is applicable to this Court by application of Article VI of US Constitution & Stone v. Powell, 428 US 465, 483 n.35, 96 S. Ct. 3037, 49 L. Ed 2d 1067 (1976) "State Courts, like Federal Courts, have a constitutional obligation to safeguard personal liberties and to uphold federal law." Judge Donnelly has deliberately violated Plaintiff's personal liberties, refused due process & equal protection inconsistent with fair, impartial hearings